FRED McCLESKEY v. THE STATE.

No. 7094.   Decided December 20, 1922.

**1.—Passing Forged Instrument—Sufficiency of Evidence.**

Where, upon trial of passing a forged instrument, the evidence was sufficient to sustain the conviction, there was no error on that ground.

**2.—Same—Evidence—Consent of Injured Party—Other Transactions.**

Where, upon trial of passing a forged instrument, it was shown that the defendant had previously had authority from the injured party to sign checks and had done so, and there was no direct testimony that this authority had been specifically cancelled, tho there are circumstances supporting such an inference, yet the defendant should have been permitted under the facts of the instant case, to show the efforts of the party injured to find and redeem the alleged forged check after it got into circulation, to show that he had authorized its issuance.

**3.—Evidence—Other Transactions—Consent of Injured Party.**

Where, upon trial of passing a forged instrument, the State had introduced several other small checks signed with the name of the injured party, and which were issued by the defendant, the defendant should have been allowed to prove that said injured party had not repudiated these checks, and especially the one issued to satisfy a fine against the defendant, and which he had sought to show the injured party had paid.

Appeal from the District Court of Taylor. Tried below before the Honorable W. R. Ely.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Ben L. Cox,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for passing a forged instrument; punishment fixed at confinement in the penitentiary for a period of two years.

The alleged forged instrument was a check drawn on the Farmers & Merchants National Bank of Abilene, payable to E. E. Jennings

or bearer, for the sum of ten dollars, and was signed Claud Miller. It was uttered by the appellant, and the evidence is sufficient to sustain the finding of the jury that the appellant acted fraudulently in passing the instrument. Miller, whose name was purported to have been signed to the check, was a contractor and the appellant was a bricklayer. He had worked for Miller on several occasions, and at the time of the alleged offense, Miller was expecting to make a contract for the construction of a courthouse, and requested the appellant to remain in Abilene for a time in order that he might be ready to go to work. Miller was anxious to have the services of the appellant and was concerned that he should be at hand so that there would be no difficulty in finding him and procuring his services. Miller told the appellant that if he needed any money during his stay that he (Miller) would furnish it. The appellant had previously had authority to sign Miller's checks and had done so. There is no direct testimony that this authority had been specifically cancelled, though there are circumstances supporting such an inference, and Miller testified that he knew nothing about the issuance of the check in question.

The appellant sought to prove that after Miller discovered that the check had been issued by the appellant, and that the bank had declined to pay it because of the dissimilarity of the handwriting, he (Miller) sought to find the check and redeem it. Miller said that in his conversation with the appellant, he understood and intended to convey the idea that if the appellant needed money, it would be advanced by Miller. There is evidence that at the time the check was issued by the appellant, he was under the influence of intoxicating liquor; that his reputation as a law-abiding citizen was good. It occurs to us that under the facts of the case, Miller's efforts to find and redeem the check after it got into circulation was a circumstance tending to show that he had authorized its issuance; at least, that he regarded the conversation with the appellant such as to imply authority to obtain money which he (Miller) was willing to furnish, by signing a check upon his account. This circumstance, in view of the previous relations of the parties and the present understanding between them, we believe should have been received in evidence. In the same connection, appellant sought to prove by Miller that he had never repudiated the check.

The State introduced several other small checks with Miller's name signed to them and which were issued by the appellant. Appellant offered to prove that Miller had not repudiated these checks. It is not quite clear upon what theory these checks were received in evidence. It seems, however, in view of their introduction against the appellant that the testimony proffered would have had such bearing upon Miller's acquiescence in the exercise by the appellant of the authority to sign his name to the checks as entitled the appellant to have it before the jury. This is particulary true of one of the checks issued

to satisfy a fine against appellant and which he sought to show Miller had paid.

Considering the whole record, we are of opinion that the judgment should be reversed and the cause re-tried in accordance with the suggestions herein made, and it is so ordered.

*Reversed and remanded.*